UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CARMEN A. ZAMMIELLO,

    Applicant,

v.                                    CASE NO. 8:18-cv-1142-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.

_____/

## **O R D E R**

Zammiello applies under 28 U.S.C. § 2254 for the writ of habeas corpus

(Doc. 1) and challenges the validity of his state convictions for burglary, for which he

is imprisoned for thirty years as a habitual felony offender and a prison releasee

re-offender.  Rule 4, Rules Governing Section 2254 Cases, requires both a

preliminary review of the application for the writ of habeas corpus and a summary

dismissal "[i]f it plainly appears from the face of the [application] and any exhibits

annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

Zammiello is barred from pursuing this "second or successive" application.

Zammiello's earlier challenge to this same conviction in 8:13-cv-2285-T-

30TGW was dismissed as time-barred.  Both the district court and the circuit court

declined to issue a certificate of appealability.  (Doc. 28 and 32)  Zammiello cannot

pursue a "second or successive" application without permission from the Eleventh

Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore

a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." *See Felker v. Turpin*,

518 U.S. 651, 664 (1996); *Patterson v. Sec'y, Fla. Dep't of Corrs.*, 849 F.3d 1321,

1324–25 (2017) ("After a state prisoner has had a trial, a direct appeal, and an

opportunity for collateral review in the state courts, he typically gets one, and only

one, chance to collaterally attack his conviction in federal court.  With exceptions

not relevant here, section 2244(b) prohibits a state prisoner from filing a 'second or

successive' habeas petition.").

The determination that the earlier application was time-barred precludes

Zammiello from again challenging either his conviction or his sentence without first

obtaining authorization from the circuit court, as *Candelario v. Warden*, 592 F. App'x

784, 785 n.1 (11th Cir. 2014), *cert. denied sub nom. Candelario v. Wilson*, 135 S. Ct. 2367

(2015), explains:

> [A] second petition is successive if the first was denied or
> dismissed with prejudice, *Guenther v. Holt*, 173 F.3d 1328, 1329
> (11th Cir. 1999) (discussing § 2254), and a dismissal for
> untimeliness is with prejudice, *see Jordan v. Sec'y, Dep't of Corr.*,
> 485 F.3d 1351, 1353 (11th Cir. 2007) (same). *Accord Villanueva
> v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that
> a habeas or § 2255 petition that is properly dismissed as time-
> barred under AEDPA constitutes an adjudication on the merits
> for successive purposes.").

Zammiello knows that he cannot again challenge his conviction without

authorization from the circuit court because he was so advised in 8:15-cv-1747-T-

35JSS, 8:15-cv-2127-T-33AEP, and 8:16-cv-2542-T-36JSS.  Additionally, in

8:15-mc-56-T-EAK, the circuit court declined Zammiello's request for leave to file a second or success action.

The exhibits attached to the present application show both that Zammiello recently attempted another post-conviction challenge and that the state court warned Zammiello about the possibility of imposing sanctions if he persists with another non-meritorious challenge to his conviction.  (Exhibit A, Doc. 1 at 30–31)  Likewise, Zammiello is cautioned that, when deemed necessary, a federal court may exercise the inherent judicial authority to sanction an abusive litigant.  *See, e.g., Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Sindram*, 498 U.S. 177 (1991); *In re McDonald*, 489 U.S. 180 (1989).  *See also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993) ("[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  Abuse includes the repetitious filing of a frivolous action because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald,* 489 U.S. at 184.  Before imposing a sanction, a court must provide the party both notice and an opportunity to respond, as *In re Mroz*, 65 F.3d 1567, 1575–76 (1995), explains:

> Invocation of a court's inherent power requires a finding of bad faith. *Chambers*, 501 U.S. at 49, 111 S. Ct. at 2135, 115 L. Ed. 2d at 48. The court must afford the sanctioned party due

process, both in determining that the requisite bad faith exists and in assessing fees. *Id.* Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987) (discussing Rule 11 sanctions). Notice can come from the party seeking sanctions, from the court, or from both. *Id.* at 1560. In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.

Zammiello must cease attempting to pursue this time-barred action unless he first obtains authorization from the circuit court. If he commences another action, Zammiello's persistence might result in sanctions, which may include a referral to the Florida Department of Corrections for the imposition of a penalty under the Department's disciplinary procedures. "A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections." Section 944.279, Fla. Stat. The district court is not imposing a sanction at this time.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive

petition, and therefore could not issue a COA with respect to any of these claims.

*Accord Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *See also United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014)[*] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as second or successive without authorization from the circuit court. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The clerk must close this case. Further, Zammiello is warned about the possibility of imposing sanctions if he persists in filing an action under Section 2254 that challenges the same judgment without authorization from the circuit court.

ORDERED in Tampa, Florida, on May 21, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.